**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSHE SEGELMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNITED LENDING LLC<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Moshe Segelman ("Mr. Segelman"), by his undersigned counsel, for this class action complaint against Defendant United Lending LLC, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I. INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making prerecorded telemarketing calls, including his own. Furthermore, the Plaintiff alleges that such calls continued despite the Plaintiff making a request that they stop.

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

4. Plaintiff Moshe Segelman is an individual.

5. Defendant United Lending LLC is a limited liability company located in this District.

## III. JURISDICTION AND VENUE

6. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7. Personal Jurisdiction: The Court has personal jurisdiction over Defendant United Lending LLC because they reside in this District.

8. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were sent from this district.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Shelton's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

15. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

16. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id*.

**B. Telemarketing to Plaintiff**

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's cellular telephone number is 305-298-XXXX.

19. Plaintiff never provided his prior express written consent to receive telemarketing calls from Defendant.

20. Despite this, Plaintiff has received dozens of pre-recorded voicemail solicitations from Defendant on his cellular telephone, 305-298-XXXX.

21. On each occasion, the voicemail left on Plaintiff's phone is as follows:

> Hello, this is Morgan with an important update from our loan eligibility group. According to my system, you may qualify for a consolidation loan of up to $85,000. Payments for these loans can start as low as $480 per month. Please give me a call as soon as possible at 1-877-200-2515. Again, that number is 1-877-200-2515.

22. These voicemails are clearly pre-recorded because (a) the recordings are identical in tone, voice, and cadence; (b) the voicemails are identical in message; and (c) the robot has a mono-tone voice.

23. On each occasion, Plaintiff's cellular phone rings only once before Defendant's voicemail appears in Plaintiff's inbox, depriving him of the opportunity to answer Defendant's call and request that Defendant cease soliciting him.

24. In order to request that Defendant cease calling, Plaintiff called 877-200-2515, as instructed in Defendant's voicemail solicitations, on December 12, 2024.

25. Plaintiff informed Defendant's representative that he was not interested in Defendant's services and requested that Defendant cease calling him.

26. Despite confirming Plaintiff's opt out request, Defendant placed additional pre-recorded voicemail solicitation calls on Plaintiff's cellular telephone number on December 12, 2024, using the following numbers.

- 252-691-4464
- 254-264-6620

- 719-309-1473

27. On December 12, 2024, Plaintiff placed two additional phone calls to Defendant to the phone number 877-200-2515 and requested that Defendant cease calling him.

28. One each of these two (2) occasions, Defendant's representatives confirmed that Plaintiff would cease receiving telephone solicitations.

29. Nevertheless, Plaintiff continued to receive pre-recorded voicemail solicitations on his cellular telephone.

30. On December 13, 2024, Plaintiff received pre-recorded voicemail solicitations on his cellular telephone from the following numbers from Defendant:

- 603-805-7364
- 254-264-6746
- 218-607-1147

31. Plaintiff placed another three (3) calls to Defendant at 877-200-2515 on December 13, 2024, in an attempt to make the Defendant's harassing and persistent calls stop.

32. On one of these occasions, Plaintiff asked to speak with a manager.

33. Plaintiff was connected to a representative of the Defendant's who identified himself as Ark.

34. Plaintiff explained to Ark that he had made five (5) previous Do-Not-Call requests to Defendant's representatives, but continued to receive calls and pre-recorded voicemails.

35. Plaintiff again asked that Defendant cease calling him.

36. Despite his six (6) Do-Not-Call requests, Plaintiff continued to receive constant, harassing pre-recorded voicemail solicitations from Defendant.

37. These pre-recorded voicemail solicitations from Defendant include, but are not limited to, the following:

- December 14, 2024, from 219-215-6600
- December 17, 2024, from 319-261-8553
- December 17, 2024, from 318-408-8590
- December 17, 2024, from 319-289-9890
- December 18, 2024, from 217-261-7701
- December 18, 2024, from 320-280-6382
- December 18, 2024, from 240-209-9311
- December 18, 2024, from 209-364-8163
- December 19, 2024, from 217-261-7809
- December 19, 2024, from 319-302-2997
- December 20, 2024, from 302-203-0541
- December 23, 2024, from 276-265-2477

38. On December 26, 2024, in an attempt to determine the identity of the company placing calls to him, Plaintiff called Defendant at 877-200-2515.

39. Defendant's representative identified the company responsible for the calls as United Lending LLC and provided Plaintiff with the following website: https://unitedlendingllc.com/.

40. Plaintiff requested again to be placed on Defendant's Internal Do-Not-Call-Registry.

41. Yet, Plaintiff continued to receive pre-recorded voicemails from Defendant including, but not limited to, the following:

- January 4, 2024, from 215-383-5287
- January 4, 2024, from 470-552-4739
- January 6, 2024, from 201-586-1397
- January 6, 2024, from 217-261-7719
- January 6, 2024, from 803-631-7277
- January 7, 2024, from 240-248-6808
- January 8, 2024, from 231-251-1076
- January 8, 2024, from 505-208-6328
- January 8, 2024, from 216-243-5987
- January 8, 2024, from 320-245-1849
- January 9, 2024, from 240-248-6820
- January 9, 2024, from 219-247-1474
- January 9, 2024, from 302-203-0717
- January 9, 2024, from 520-473-8563
- January 9, 2024, from 240-2083110
- January 10, 2024, from 209-393-6808
- January 10, 2024, from 252-693-0459
- January 10, 2024, from 215-883-9124
- January 11, 2024, from 458-316-9522
- January 13, 2024, from 502-206-6975
- January 13, 2024, from 219-240-8648
- January 14, 2024, from 216-260-2663

42. Plaintiff was frustrated and agitated by the repeated calls from Defendant and Defendant's noncompliance with his Do-Not-Call Requests. Similarly, other individuals have received unwanted pre-recorded solicitations *See* https://www.reddit.com/r/Scams/comments/1htjw04/i_am_going_insane_repeated_robocalls/ (Last Visited February 14, 2025)

> **r/Scams** • 24 days ago
> Blacktigra93
>
> **I am going insane (Repeated RoboCalls)**
>
> For the last 6-8 months or so, I've been getting up to 15+ calls a day, from random numbers all over the country. Each leaving the same voicemail (I've never answered):
>
> "Hello this is Morgan (or insert other name here) with an important update from our loan eligibility group according to my system you may be qualify for a consolidation loan up to $85,000 payments for these loans can start as low as $480 per month please give me a call as soon as possible at 1---2515 again that number is..."
>
> They call using different area codes, and can call 5 times within 10 minutes. It's impossible for me to answer any call from a number I don't know, because 95% of the time, it's them. I can't block them, because again, they call using different numbers from different area codes.
>
> Is anyone familiar with this? I am literally losing my mind here.

43. Plaintiff and other individuals who received these pre-recorded solicitations suffered an invasion of privacy and were harassed by the conduct of Defendant.

## V. CLASS ACTION ALLEGATIONS

44. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint

> **<u>Do Not Call Class</u>**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called marketing their services at least twice in a 12-month period (2) despite previously requesting to no longer be contacted.

45. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

47. The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

48. Individual joinder of these persons is impracticable.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

51. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52. This class action complaint seeks injunctive relief and money damages.

53. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant systematically used systems to send calls using artificial or pre-recorded voices;

b. whether Defendant systematically made multiple telephone calls to members of the Do Not Call Stop Class;

c. whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

d. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

54. Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

55. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

57. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

58. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

59. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

61. The Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and Do Not Call Class)**

64. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

65. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Do Not Call Stop class.

66. Defendant's violations were negligent, willful, or knowing.

67. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Do Not Call Stop Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. An award to Plaintiff and the Classes of damages, as allowed by law; and

E. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this February 20, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*